IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**SHEILA L. BAINES**                                                                             **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO.: 4:21-cv-86-DMB-JMV**

**KILOLO KIJAKAZI,**
*Acting Commissioner of the Social Security Administration*              **DEFENDANT**

**FINAL JUDGMENT**

This cause is before the court on the Plaintiff's complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of the December 10, 2020, final administrative decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit.[1] For the following reasons, the Commissioner's decision is affirmed.

**I.**        **Procedural History**

Plaintiff filed an application for DIB and SSI on May 30, 2019, alleging an inability to work since June 30, 2017, due to physical and mental impairments. *See* Tr. at 22, 218-224, 273. The Social Security Administration denied Plaintiff's applications initially and upon

---

[1] Judicial review under 42 U.S.C. § 405(g) is limited to two inquiries: (1) whether substantial evidence in the record supports the Commissioner's decision and (2) whether the decision comports with proper legal standards. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389(1971)). "It is more than a mere scintilla, and less than a preponderance." Spellman v. Shalala, 1 F.3d 357, 360 (5th Cir. 1993) (citing *Moore v. Sullivan*, 919 F.2d 901, 904 (5th Cir. 1990)). "A decision is supported by substantial evidence if 'credible evidentiary choices or medical findings support the decision.'" *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (citations omitted). The court must be careful not to "reweigh the evidence or substitute . . . [its] judgment" for that of the ALJ, *see Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988), even if it finds that the evidence preponderates against the Commissioner's decision. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

reconsideration. *See id.* at 18, 112-116, 127-132. At Plaintiff's request, an Administrative Law Judge ("ALJ") held an administrative hearing on December 1, 2020, at which Plaintiff, represented by counsel, and a vocational expert testified. *Id.* at 46-73.

Plaintiff was born in 1959 and was a person of advanced age (age 55 or older) at all times relevant to this decision. *Id.* at 284; *see also* 20 C.F.R. §§ 404.1563(e), 416.963(e). Plaintiff alleged disability due to non-ischemic cardiomyopathy, pulmonary hypertension, diabetes mellitus, pulmonary edema cardiac cause, hyperlipidemia, chronic pulmonary embolism, degenerative scoliosis, chronic back pain, chronic headaches, and depression. Tr. at 22, 273. Plaintiff has a high school education and past relevant work as an office manager and general office clerk. *Id.* at 69-70, 325. *See* 20 C.F.R. §§ 404.1565, 416.965 (defining past relevant work).

The ALJ evaluated Plaintiff's claims pursuant to the five-step sequential evaluation process. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the relevant period. Tr. at 24. At step two, the ALJ found that Plaintiff had the following combination of severe impairments at step two in the sequential evaluation process: degenerative disc disease, diabetes, cardiomyopathy, hypertension, ischemic heart disease, deep vein thrombosis (DVT), and a clotting disorder. *Id.* at 25. The ALJ also found nonsevere medically determinable impairments of left knee pain, hyperlipidemia, and obesity, noting that they would not interfere with her ability to work. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or equaled any of the impairments in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt, P, App. 1. *Id.* at 28-29. Next, the ALJ found that Plaintiff had the RFC

> to lift, carry, push, and pull ten pounds occasionally and less than ten pounds frequently. She can stand/walk for two hours in an eight-hour workday, and she can sit for six hours in an eight-hour workday. She can occasionally climb ramps/stairs. She can never

>climb ladders, ropes, or scaffolds. She can sit for six hours in an eight-hour workday. She can occasionally climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, or crawl. She can never work around unprotected heights or moving mechanical parts.

*Id.* at 29.

At step four, with the assistance of vocational expert testimony, the ALJ found that Plaintiff could perform her past relevant work as an office manager. *Id.* at 32, 70-71. Accordingly, the ALJ found that Plaintiff was not under a disability as defined in the Act from June 30, 2017, the alleged disability onset date, through December 10, 2020, the date of the ALJ's decision. *Id.* at 32. Plaintiff argues that the ALJ erred in formulating the RFC for various reasons discussed below all of which resulted, according to Plaintiff, in an RFC unsupported by substantial evidence; failed to treat her past relevant work as a composite job; and did not properly evaluate her subjective symptoms.

## II. Law & Analysis

### a. The RFC

The Plaintiff's assertion that the RFC for a reduced range of sedentary work is not supported by substantial evidence is without merit. The burden is on Plaintiff to prove that her impairments are disabling; the ALJ does not have to prove the absence of a disability. *See Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). In this case, the ALJ specifically stated that in making a finding a regarding Plaintiff's RFC, he must consider "all of [Plaintiff's] impairments, including impairments that are not severe. Tr. at 24; *see* 20 C.F.R. §§ 404.1520(e), 416.920(e). The ALJ's decision shows that he properly identified all of Plaintiff's medically determinable severe and nonsevere impairments at step 2 of the decision. Tr. at 29-32. Specifically, the ALJ found that Plaintiff's degenerative disc disease, diabetes mellitus, cardiomyopathy, hypertension, ischemic heart disease, deep vein thrombosis, and a clotting disorder were severe impairments. *Id.* at 25.

The ALJ also determined that Plaintiff's left knee pain, hyperlipidemia, and obesity were nonsevere impairments. *Id.* at 27. The ALJ summarized the evidence he considered while assessing the RFC finding. *Id.* at 25-28. Contrary to Plaintiff's assertion, the ALJ provided an appropriate "function-by-function" RFC assessment discussing all of Plaintiff's exertional and non-exertional limitations supported by the record in accordance with the regulations and SSR 96-8p. Tr. at 29. *See* Pl.'s Br. at 4-11; 20 C.F.R. §§ 404.1545(b-d); 416.945(b-d) (identifying the potential mental, physical, and other work-related abilities that an impairment may affect); SSR 96-8p (explaining that a residual functional capacity assessment must include a claimant's functional limitations or restrictions and assess her work-related abilities on a function-by-function basis, including the functions in paragraphs b, c, and d of 20 C.F.R. §§ 404.1545, 416.945). After evaluating all of Plaintiff's impairments, the ALJ properly determined that Plaintiff had the RFC to lift, carry, push, and pull ten pounds occasionally and less than ten pounds frequently, with postural and environmental limitations at step four in the sequential evaluation process. Tr. at 29. More specifically, the ALJ determined that Plaintiff could stand/walk for two hours in an eight-hour workday and could sit for six hours in an eight-hour workday; she could occasionally climb ramps/stairs; she could never climb ladders, ropes, or scaffolds; she could occasionally balance, stoop, crouch, kneel, or crawl; she could never work around unprotected heights or moving mechanical parts. *Id.* at 29. In short, the ALJ provided an appropriate "function-by-function" RFC assessment discussing all of Plaintiff's exertional and nonexertional limitations supported by the record in accordance with the regulations and SSR 96-8p. *Id.* at 29.

The RFC determination is an administrative assessment based on the totality of the evidence and represents the extent to which a claimant's impairments and related symptoms affect her capacity to do work-related activities. *See* C.F.R. §§ 404.1545(a), 416.945(a); Social Security

Ruling (SSR) 96-8p, 1996 WL 374184, at *3. The assessment of a claimant's work capacity is reserved solely to the ALJ and is based on all of the evidence, not just the medical evidence. *See Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995); 20 C.F.R. §§ 404.1546(c), 416.946(c); SSR 96-8p at *5, *7. The ALJ's RFC determination is "granted great deference and will not be disturbed unless the reviewing court cannot find substantial evidence in the record to support the [ALJ's] decision or finds that the [ALJ] made an error of law." *See Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). A reviewing court may not reweigh the evidence or substitute its judgment for the ALJ's judgment even if the evidence weighs against ALJ's determination. *See Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000).

As for Plaintiff's contention that the ALJ erred when he did not discuss her blurred vision, depression, lack of energy, shortness of breath, frequent urination, and drowsiness, she cites to no objective evidence that shows these conditions resulted in work related limitations and for some of the conditions, Plaintiff did not prove they even existed. For example, the record consistently shows no evidence of anxiety or depression, no record of mental health treatment, or any history of taking prescribed psychotropic medications. Tr. at 356, 368, 380, 464, 470, 488, 572, 577, 582. Plaintiff denied having anxiety or depression on multiple occasions while obtaining treatment for her other impairments. *Id.* at 359, 364, 371, 376, 382, 590, 595, 603, 613, 622, 630, 639, 655, 666, 672. The ALJ further noted that although Plaintiff has alleged that she has blurred vision, the record does not establish that she has an eye impairment or impaired vision. *Id.* at 28. The record shows Plaintiff denied having blurred vision on multiple occasions during doctor visits. *Id.* at 359, 364, 371, 375, 382, 395, 464, 470, 489, 590, 595, 604, 613, 622, 630, 639, 655, 665, 672. The ALJ also discussed the inadequate amount of evidence related to Plaintiff's alleged shortness of breath and frequent urination. For example, the ALJ noted that while treatment records from April 2017

indicate Plaintiff's own reported history of shortness of breath and DVT (but no evidence of pulmonary embolism),Tr. at 25, 465, during a cardiology follow-up appointment in August 2019,she denied having shortness of breath, diaphoresis (excessive or abnormal sweating), or nausea. *Id.* at 22, 570. In short, the record shows Plaintiff generally denied having shortness of breath. *Id.* at 379, 440, 466, 472, 570.

And, as the ALJ noted, treatment notes from Richard Reid, M.D., did not include Plaintiff reporting problems with fatigue or frequent urination, which she testified was caused by her prescribed medications, and she failed to identify any evidence showing that these conditions existed and/or caused any work-related limitations. *Id.* at 31, 63. In fact, as the Commissioner points out, treatment records show Plaintiff repeatedly denied having problems with polyuria (excessive urination) and lethargy. *Id.* at 27, 357, 362, 370, 588, 593, 601, 611, 619, 627, 636, 652, 663, 669. Plaintiff's alleged symptoms alone cannot prove disability. Her statements must be supported by acceptable medical evidence, which was lacking. *See* 20 C.F.R. §§ 404.1508, 404.1512 (a); 416.908, 416.912(a) (claimant must furnish medical evidence material to the determination of disability); *Wren v. Sullivan*, 925 F.2d 123, 128-129 (5th Cir. 1991).

As for the allegation that the ALJ "ignored" the third-party statement provided by her granddaughter, MaKayla Baines, *see* Tr. at 295-302, the record reflects otherwise, *see id.* at 31, noting that while he indeed considered the statement, it was from a nonmedical source, and as such, he was not required to articulate how he considered the evidence in terms of persuasiveness. *See* 20 C.F.R. §§ 404.1520c(d), 416.920c(d). Moreover, as noted by the Commissioner, the statement actually indicates Plaintiff remained able to cook her own meals, perform light cleaning and gardening, drive a car, shop for food and clothing, sew, and spend time with family and friends every week. Tr. at 295-301.

With regard to the assertion that because of DVT, Plaintiff will need to elevate her legs for 30 minutes three to four times a day, she again fails to point to any of her medical evidence to support this alleged limitation. *See* Pl.'s Br. at 11. And, , while the ALJ found her DVT to be a severe impairment, he detailed treatment records from May 2017 that show the impairment was stable. Tr. at 25, 463. And, in June 2017, Plaintiff's cardiovascular and respiratory examinations were normal, and she reported her leg pain had improved. *Id.* at 25, 469-470. There were also no objective findings of joint pain, swelling, or redness, and no decreased range motion. *Id.* at 470. In July, Plaintiff demonstrated a normal gait and had no observable symptoms of cardiovascular or respiratory symptoms. *Id.* at 553-554. In September 2017, Plaintiff's DVT was again determined to be stable. *Id.* at 25, 487-488, 553-554. In short, subjective complaints must be supported by objective evidence and in this case no doctor ordered Plaintiff to elevate her legs.

Finally, as for the assertion that the ALJ did not consider her age and lack of transferrable skills when he found that she could perform her past relevant work, Pl.'s Br. at 11, the Commissioner correctly notes that the ALJ was not required to consider Plaintiff's age when assessing her RFC and whether she could perform her past relevant work at step four. *See* 20 C.F.R. §§ 404.1560(c)(1), 416.960(c)(1) (the ALJ considers vocational factors, such as age, when analyzing whether an individual can perform other work which exists in significant numbers in the national economy at step five).

### b. Composite Jobs

Plaintiff argues that the ALJ improperly found that she could perform her past work as generally performed because she alleges that these positions were composite jobs. Pl.'s Br. at 7-10. Specifically, Plaintiff argues that while classified as sedentary, she actually performed the work at the medium level of exertion, which the vocational expert confirmed. Tr. at 60, 70. However, as

the commissioner argues, performing work at a different exertional level does not implicate a composite job. The different exertional levels are relevant to the issue of how Plaintiff performed the job and how it is generally performed in the national economy. A claimant can be found disabled if she can do her past work either as she performed it or as it is generally performed. The vocational expert's testimony provides substantial evidence supporting the ALJ's step four finding that she could perform her past relevant work as it was generally performed. Tr. at 32; *See Leggett*, 67 F.3d at 565 (ALJ can rely on VE at step four). The Commissioner notes that a claimant does not have to be capable of performing her past relevant work as it was actually performed. *See Leggett*, 67 F.3d at 565. A description of the claimant's past relevant work as that work is generally performed is sufficient to support a step four finding. *See id.*

The Program Operation Manual Systems (POMS) instructs actual composite jobs "have significant elements of two or more occupations and as such, have no counterpart in the DOT." POMS DI 25005.020(B). If the ALJ determines that a claimant's past relevant work represents a composite job, the ALJ cannot find at step four that the claimant can perform the composite job as actually performed unless she can perform all parts of the job. POMS DI 25005.020(B); *see, e.g., Armstrong v. Sullivan*, 814 F. Supp. 1364 (W.D. Tex. 1993) Additionally, the POMS instructs those composite jobs should not be evaluated "as generally performed in the national economy" because these jobs have no counterpart in the DICOT. POMS DI 25005.020(B). Plaintiff's past secretarial work was not a composite job. The vocational expert explicitly identified Plaintiff's past relevant work as two separate jobs: a general office clerk (light, semiskilled) and office manager (sedentary, skilled). Tr. at 69-70. In this case, the vocational expert did not testify, and the ALJ did not find, that either of Plaintiff's past jobs were composite jobs. Moreover, neither Plaintiff nor her attorney raised this theory during the administrative hearing. After the vocational

expert testified, the ALJ specifically asked Plaintiff's attorney if she had any questions for the vocational expert, to which she responded "No, no questions." Tr. at 72. "If Plaintiff harbored any doubts concerning the [vocational expert's] characterization of his prior work, Plaintiff was obliged to emphasize the alleged inconsistency and to press the issue upon cross-examination." *See Holland v. Colvin*, No. 3:14-cv-2964-K-BH, 2015 WL 5437727, at *11 (N.D. Tex., Aug. 31, 2015) (an ALJ may consult a [vocational expert] to determine the proper characterization of the claimant's past work, and whether he can return to that past work).

Substantial evidence supports the ALJ's finding that Plaintiff could perform her past relevant work as an office manager as that position is generally performed, and any inability to perform the specific requirements of that job as Plaintiff actually performed does not detract from the ALJ's step four finding. A step four finding may be supported if the claimant can perform the work as it is generally performed. *See Leggett*, 67 F.3d at 564 (citations omitted); SSR 82-62.

### c. Subjective Statements

Plaintiff argues the ALJ failed to properly evaluate her subjective statements when he determined that Plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms were not "fully consistent with the evidence of record." Tr. at 30. See 20 C.F.R. §§ 404.1529(a), 416.929(a). But the record reflects that in this case the ALJ considered all of the evidence, including objective medial evidence, medical opinion evidence, and the claimant's subjective statements, as well as the factors articulated in 20 C.F.R. §§ 416.929(c)(3) 404.1529(c)(3). An ALJ "is not required to mechanically follow every guiding regulatory factor in articulating reasons for denying claims or weighing credibility." *See Clary v. Barnhart*, 214 App'x 479, 482 (5th Cir. 2007) (citing *Falco v. Shalala*, 27 F.3d 160, 163-164 (5th Cir. 1994). It suffices when the administrative decision is sufficiently specific, as is the case here, to make clear

that the regulatory factors were considered. *See Prince v. Barnhart*, 418 F. Supp. 2d 863, 871 (E.D. Tex. 2005). The ALJ's discussion of the medical evidence shows his reasoning for finding Plaintiff's statements inconsistent with the medical and other evidence provided in the record. Tr. at 25-27; s*ee also Giles v. Astrue*, No. 10-31006, 433 F. App'x 241, 249 (5th Cir. July 18, 2011)

Here, the ALJ discussed the medical evidence and Plaintiff's treatment history. For example, as noted above, the ALJ discussed treatment records that showed Plaintiff's DVT was generally stable. *See* Tr. at 25, 383, 463, 487. The ALJ also noted that Plaintiff's physical examinations remained generally normal, often showing unremarkable cardiovascular and respiratory findings. *See id.* at 25-27, 30, 359, 364, 372, 376, 382, 386, 396, 467, 591, 596, 604, 614. Plaintiff often denied having any cardiovascular or respiratory symptoms (*i.e.*, chest pain, difficulty breathing, lethargy, etc.). Although Plaintiff testified that she had difficulty reaching overhead, bending, and squatting, the treatment records do not reflect significant findings of pain or reduced range of motion. *See id.* at 25, 27, 30, 66-67, 356, 359, 364, 372, 386, 396, 488, 549, 570, 591, 603, 614, 623, 640, 666, 673. Plaintiff also had normal strength and muscle tone and maintained a normal gait. *See id.* The ALJ noted that Dr. Reid's treatment notes reflect no evidence of reduced ability to bend, squat, reach, stand, or walk. *See id.* at 30. The ALJ emphasized that Dr. Reid's treatment notes also do not reflect any complaints from Plaintiff regarding her alleged fatigue or frequent urination due to medication side effects. *See id.* at 31. And, while Plaintiff argues that the "objective medical evidence substantiates" her symptoms and limitations, she cites none. Plaintiff has failed to prove that the evidence warrants greater restrictions. The ALJ properly considered her subjective complaints but found the evidence did not fully support her alleged limitations.

### III. Conclusion

The Commissioner's decision is supported by substantial evidence and is without legal error. The decision is affirmed.

**SO ORDERED**, this the 7th day of June, 2022.

*/s/* Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**